### KURZ *v.* FISH *et al.*

*(Supreme Court, General Term, Fifth Department.* October 23, 1890.)

**CHANGE OF VENUE—WHEN DENIED.**

A motion by defendants for a change of venue from M. county to O. county for convenience of witnesses is properly denied, where plaintiff stipulates that she relies solely on the fact that she is a *bona fide* holder of the note sued on for value, and without notice of the equities between defendants and the payee, and that she will not give any evidence of any of the facts (relating to the consideration of the note) alleged in defendants' answer.

Appeal from special term, Monroe county.

Action by Ida C. Kurz against Henry Fish and Walter J. Curtiss on a promissory note. A motion by defendants to change the place of trial from Monroe county to Oswego county for convenience of witnesses was denied, and defendant Fish appeals.

Argued before DWIGHT, P. J., and MACOMBER and CORLETT, JJ.

*Piper & Rice,* for appellant.   *Reed & Schutt,* for respondent.

CORLETT, J. The action was brought upon a promissory note given for "Bohemian oats." The answer admits the execution of the note, but alleges that the same was obtained by fraud; that it was void under the betting and gaming act; also as against public policy; and that it was usurious. The note was made in Yates county. *Watson* v. *Blossom,* 4 N. Y. Supp. 489, holds, in substance, that such a contract is not void. The answer alleges usury. It satisfactorily appears by the answer that the defense of usury is not available. *Bank* v. *Place,* 15 Hun, 564; *Billington* v. *Waggoner,* 33 N. Y. 31.

The transaction set up was in no sense a borrowing or lending of money. The note was given in consideration of oats sold at a fictitious price, and a bond or agreement to the effect that the party taking the note would buy from the maker a much larger quantity at the same price, and thus secure to him large profits. It may have been a fraudulent swindling contrivance, but it was in no sense a borrowing or lending of money, so that the substantial questions upon the trial will be whether the note was obtained by fraud, and whether the plaintiff is a *bona fide* holder. A motion was made at the Monroe special term in March, 1889, before Justice RUMSEY, to change the place of trial from Monroe to Oswego county. The court decided as follows: "It is ordered that the said motion be, and the same hereby is, denied, with ten dollars costs, to abide the event of the action by the plaintiff filing a stipulation to give no evidence of what occurred in the county of Oswego, where the note in suit was signed and delivered. *Dated April* 4, 1890." In pursuance of this order the following stipulation was made: "It is hereby stipulated by and on the part of the plaintiff herein that she depends solely upon the fact that she is a *bona fide* holder of said note before maturity for full value, and without notice of the equities between defendant and the payee of said note, and that the plaintiff will not give any evidence of any of the facts which are alleged in the defendant's answer as occurring in the county of Oswego, N. Y. *Dated April* 2, 1890. REED & SCHUTT, Attys. for Plt'ff, 807 & 808 Wilder Building, Rochester, N. Y."

The order and stipulation clearly show that it must be assumed on the trial that the plaintiff cannot recover unless she shows that she is a *bona fide* holder of the note. On that question, all the witnesses live in the county of Monroe. It follows that the order must be affirmed. All concur.